UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lankford, #50053, | ) | C/A No. 9:08-02166-HMH-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Scarlett A. Wilson, | ) | |
| | ) | |
| Defendant. | ) | |



This is a 42 U.S.C. § 1983 civil action filed *pro se* by Billy Lee Lankford (Plaintiff), who is incarcerated at the Charleston County Detention Center.[1] Plaintiff brings this action against Scarlett A. Wilson (Wilson), the solicitor involved in Plaintiff's criminal prosecution. (Compl. at 2.) Plaintiff alleges a due process violation by complaining that it has been 90 days since his arrest, and there has been no indictment, no dismissal of his charges, and no continuances filed in his case. (Compl. at 3.) Plaintiff seeks damages and release from jail.[2] (Compl. at 5.)

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Plaintiff files this civil action on a 42 U.S.C. § 1983 form, provides service documents for the service of a summons and complaint, alleges a due process violation, and seeks damages. Plaintiff also requests release from prison, which is relief appropriately sought through a habeas corpus action. To the extent that Plaintiff is seeking habeas relief, he must file a separate habeas corpus petition.

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

Plaintiff's complaint does not allege any specific facts concerning defendant Wilson other than her position is that of solicitor in the Charleston County Solicitor's Office. However, this Court

draws the inference from the complaint that Wilson is the solicitor prosecuting Plaintiff's pending criminal case. Prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reid*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000). In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. This absolute immunity from suit applies when prosecutors exercise their prosecutorial discretion, such as making the determination to go forward with indictment. *See Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997); *Carter v. Burch*, 34 F.3d 257 (4th Cir. 1994); *Pachaly v. City of Lynchburg*, 897 F.2d 723 (4th Cir. 1990); *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 387 (4th Cir. 1990). This case should be dismissed because defendant Wilson is entitled to immunity from damages arising from the exercise of her prosecutorial discretion.

## Recommendation

Accordingly, it is recommended that the District Court dismiss this complaint *without prejudice* and without issuance and service of process.

George C. Kosko
United States Magistrate Judge

July 17, 2008
Charleston, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).